IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC.,<br><br>                Plaintiff,<br>v.<br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br>                Defendants. | Case No. 21-cv-03836 |



FILED 10/8/2021 CR
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## Motion To Vacate Default Judgment[DKT.55]

I am the owner of store boyandgirlfriend, I respectfully request the court to vacate the default judgment against boyandgirlfriend. The reasons include: 1. I have been actively defending before the default judgment, 2. The compensation awarded by the court far exceeds the amount I might pay, 3. The plaintiff failed to establish personal jurisdiction, and 4. The plaintiff failed to comply with the due service procedure. Specific statements are as follows:

### 1. I have been actively defending before the default judgment.

Plaintiff sued defendants for infringement of design patent. Plaintiff submitted its Motion for Preliminary Injunction[DKT.35] on August 19, then I submitted Response in opposition to plaintiff's motion for preliminary injunction[DKT.38] on August 23. However, The Court stricken my response and granted plaintiff's motion for preliminary injunction on August 26.

Further, Plaintiff submitted its Motion For Default[DKT.45] on September 16, then I submitted Motion For Reconsideration As To Preliminary Injunction[DKT.51] and Response In Opposition To Plaintiff's Motion For Default[DKT.52] on September 22. However, The Court Denied my Motion For Reconsideration[DKT.51] and granted Plaintiff's Motion For Default[DKT.45] on September 24. I was sentenced to pay the plaintiff $29,279 in default.

In the whole process of this lawsuit, since I don't understand oral English and listening, I couldn't participate in the hearing, but at least I have been actively and in good faith submitting written defense. The court should recognize that I appeared.

### 2. The compensation awarded by the court far exceeds the amount I might pay.

In the present case, since my store offers a variety of products, I couldn't determine which product contains the plaintiff's patent. I have been trying to contact Plaintiff for evidence of infringement, it was not until September 29 that the plaintiff replied to us and provided screenshot evidence. From the evidence, I found that the "ASIN"[1] of the accused product is B096LPCRC6, then I searched the ASIN on the order management page of the store and found this kind of products. Further, I searched accused product's name and found the store totally sold 12 pieces of accused products, the unit price of the accused product is $8.99, I totally obtained

---

[1] "ASIN" is Amazon Standard Identification Number, each different product has its own unique "ASIN"

$107.88.



However, I was sentenced to pay the plaintiff $29,279 in default. The plaintiff's claims for damages should not be supported, because the plaintiff didn't present any evidence to demonstrate plaintiff's loss or defendant's profits stem from sales of accused product. Pursuant to 35 U.S.C. § 289, the compensation I might pay is $250 instead of $29,279.

### 3. The plaintiff failed to establish specific personal jurisdiction.

Federal Rule of Civil Procedure 55(c) provides that the district court may set aside an entry of default "[f]or good cause shown," and may set aside a default judgment "in accordance with Rule 60(b)."Fed. R. Civ. P. 55(c). Defendants would be entitled to an order vacating the default entered against them if the Court lacks subject matter jurisdiction over the case or personal jurisdiction over them, or if Defendants received insufficient service of process. See, e.g., Trade Well Int'l v. United Cent. Bank, 825 F.3d 854, 859 (7th Cir. 2016) (a final judgment is void and must be set aside if the court lacked personal jurisdiction or if the party against whom the judgment was entered was not adequately served). A district court's refusal to vacate a void judgment constitutes a per se abuse of discretion. Trade Well Int'l, 825 F.3d at 859.

In the present case, I searched all the records and didn't find that the accused product was sold to Illinois except for plaintiff's "purchase test".

The plaintiff didn't present sufficient evidence to prove defendant has sufficient minimum contact with the forum state. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.,623 F.3d at 446(7th Cir. 2010) (a plaintiff cannot establish personal jurisdiction "simply by showing that the defendant maintained a website accessible to residents of the forum state and alleging that the defendant caused harm through that website"). See also Matlin v. Spin Master Corp., 921 F.3d 701, 706 (7th Cir. 2019), the Seventh Circuit held that personal jurisdiction was lacking where a sale had been made, but it was "a single incident conjured up by the plaintiffs' attorney for the exclusive purpose of establishing jurisdiction over the defendants."

Recently, The District Court has dismissed plaintiff's complaint with prejudice based on 0 sales to Illinois. See Rubik's Brand, Ltd. v. The Partnerships and Unincorporated Associations, No. 20-cv-05338, (N.D.Ill. March 4, 2021. DKT No.73), The Court said "maintenance of an interactive website, unaccompanied by evidence of any sales or other activity targeting Illinois, does not establish that Yoyoly[Defendant] has sufficient minimum contacts with Illinois to support the

exercise of personal jurisdiction." and "This is an evidentiary dispute, but not one that requires a hearing to address."

Following Rubik's case, The District Court in case MSM DESIGN AND ENGINEERING LLC, v. THE PARTNERSHIPS also determined that personal jurisdiction was improper over non-resident e-commerce store operators. No.20-cv-00121( N.D.Ill. July 28, 2021. DKT 122).

Additionally, I live in China, the Plaintiff Oakley has its principal place of business at California, not Illinois. I never registered to do business in Illinois. I have no regular and established place of business in Illinois. I do not maintain any offices, employees, or telephone listings in Illinois. I have no manufacturing facility or distribution facility in Illinois. I do not pay taxes or maintain any bank accounts in Illinois. I do not participate in any business meetings, seminars, trade shows, or other marketing related activities in Illinois. I do not have any employees who visit Illinois for business purposes.

Therefore, the court should vacate the default judgment for lacks of specific personal jurisdiction.

### 4. The Plaintiff failed to comply with the due service procedure.

The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters (the "Hague Convention") provides for service of process among member states, both China and the United States are signatories to the Hague Convention. Therefore, both parties should comply with the Hague Convention.

Article 1 of Hague Convention has expressly provided that "The present Convention shall apply in all cases, in civil or commercial matters, where is occasion to transmit a judicial or extrajudicial document for service abroad. This Convention shall not apply where the address of the person to be served with the document is not known." In other words, if the Hague Convention applies to a Chinese defendant, a plaintiff must attempt service according to Hague Convention unless the defendant's addresses is unknown.

In this case, plaintiff failed to demonstrate it has attempted to determine the defendant's address. Without a diligent effort to determine a defendant's address, it cannot be said that the defendant's physical address is unknown. In fact, Plaintiff has learnt defendant's information provided by Amazon platform according to Temporary Injunction Order. Even if the plaintiff was not sure whether the defendant's address was accurate, it could at least ask me for physical address for service of process. In fact, In my response [DKT.38], I have disclosed my physical address.

Additionally, I did not renounce service in accordance with the Hague Convention, nor did I agree to accept e-mail service.

If any American plaintiff can arbitrarily serve legal documents to foreigners by electronic service, then the Hague Convention will not exist. The plaintiff can apply the American law to all defendants who do not live in the United States, and regardless of the legal rules of the country where the defendant is located. This is undoubtedly an act of disrespect for the judicial sovereignty of other countries, which also violates the due process .

China has always been providing judicial assistance to other countries in accordance with the Hague Service Convention and other international treaties. what's more, the Ministry Of Justice Of China has established an online platform www.ilcc.online for international judicial assistance. The plaintiff can efficiently and reliably use this platform to request assistance delivery.

3

Plaintiff requested alternate service under Rule 4(f)(3). However, Rule 4(f)(3) is located in the third paragraph of Rule (f), which is a comprehensive clause, that is, only when the first two clauses cannot be applied can Rule 4(f)(3) be applied. If any plaintiff can directly apply the third paragraph instead of applying the first two clauses as a prerequisite, then the first two clauses would not exist. This is not in line with the legislative purpose of legislators. Rule 4(f)(3) is a supplementary clause, which is formulated to solve the plaintiff's difficulties in service of documents, and to ensure that the plaintiff can obtain sufficient relief. However, if the U.S. procedural law authorizes the plaintiff to use Rule 4(f)(3) arbitrarily without any restrictions, it will damage the procedural rights and interests of the defendant. When the plaintiff did not exhaust the possibility of Rule4(f)(1) and Rule 4(f)(2), it was against due process of law.

With regard to the service of Temporary Injunction, the plaintiff has reasonable reasons to say that if it is not delivered by e-mail in time, the plaintiff may suffer irreparable damage. However, this does not mean that the plaintiff can still serve other legal documents via e-mail after serving the Temporary injunction Order. See, e.g., The Naughtys LLC v. Does 1-580, 21-cv-492-O(Northern District of Texas, April 30, 2021. DKT 23) "...In the context of an ex parte TRO, the Court agrees that service of the order by these means was sufficient under the circumstances. That does not mean however that service of process via email or through a third party is permitted on this record outside of the context of the ex parte TRO..."

Likewise, As the two Oakley cases below:

See LUXOTTICA GROUP S.P.A.and Oakley v. The Partnerships and Unincorporated Associations, No.18-cv-2188( N.D.Ill. May 24, 2019. DKT 131). The district court granted defendant's motion to dismiss for plaintiff's failure to comply with Hague Convention.

See also LUXOTTICA GROUP S.P.A.and Oakley v. ZHI YING WU, ZHENHUI ZHANG, et,al. No.18-cv-2549( N.D.Ill. Oct 22, 2018. DKT 45). The district issued a letter of request pursuant to the Hague Convention on the taking of evidence abroad in civil or commercial matters.

Therefore, The Court should vacate the default judgment because Plaintiff failed to comply with the due service procedure.

**Conclusion,** Since I have been actively defending before the default judgment, The compensation awarded by the court far exceeds the amount I might pay, the Plaintiff failed to establish personal jurisdiction, and the Plaintiff failed to comply with the due service procedure, I respectfully request the court to vacate default judgment and grant me other appropriate relief.

Dated: October 7,2021

Respectfully Submitted

/s/ 刘晓旭（Liu XiaoXu）

xuandgirl@163.com
101, office building 8, Longxing Industrial Park,
Guanlan street, Longhua District, Shenzhen
133-1235-3840
**Pro Se Litigant**

| Defendant No | Store Name | Amazon ID | Operator |
|---|---|---|---|
| 30 | boyandgirlfriend | A3PIML6QMGKA12 | 刘晓旭（Liu Xiaoxu） |